**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

CASE:

NIGEL FRANK DE LA TORRE PARDO,

Plaintiff,

v.

DESTINY BUILDINGS LLC, LEAF ASIAN MARKET, INC. D/B/A LEAF ASIAN MARKET and VIET KITCHEN CUISINE LLC D/B/A VIET KITCHEN A/K/A VIET KITCHEN VIETNAMESE CUISINE,

Defendants.
_____________________________________/

# COMPLAINT

Plaintiff, NIGEL FRANK DE LA TORRE PARDO, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues DESTINY BUILDINGS LLC, LEAF ASIAN MARKET, INC. D/B/A LEAF ASIAN MARKET and VIET KITCHEN CUISINE LLC D/B/A VIET KITCHEN A/K/A VIET KITCHEN VIETNAMESE CUISINE (hereinafter "Defendant"), and as grounds alleges:

## JURISDICTION, PARTIES. AND VENUE

1. This is an action for injunctive relief, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331 and 1343.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. Plaintiff, NIGEL FRANK DE LA TORRE PARDO, is an individual over eighteen years of age, with a house in Lee County, Florida, and is otherwise *sui juris*.

4. At all times material, Defendant, DESTINY BUILDINGS LLC, was and is a Florida Limited Liability Company, with its principal place of business, agents, officers and/or offices in Lee County, Florida and conducting a significant amount of business in Fort Myers, Florida.

5. At all times material, Defendant, DESTINY BUILDINGS LLC, owned and operated a commercial property constituting a commercial plaza located at the following address: 4300-4380 Cleveland Avenue, Fort Myers, Florida 33901 (hereinafter "commercial property" or "commercial plaza property").

6. At all times material, Defendant, LEAF ASIAN MARKET, INC. D/B/A LEAF ASIAN MARKET, owned and operated a commercial market at 4300 Cleveland Avenue, #110 (also known as unit #1C), Fort Myers, Florida 33901 (hereinafter the "commercial market") and conducted a substantial amount of business in that place of public accommodation.

7. At all times material, Defendant, LEAF ASIAN MARKET, INC. D/B/A LEAF ASIAN MARKET, was and is a Florida Profit Corporation, organized under the laws of Florida with its principal place of business in Lee County, Florida. Defendant, LEAF ASIAN L MARKET, INC. D/B/A LEAF ASIAN MARKET, holds itself out to the public as " LEAF ASIAN MARKET"

8. At all times material, Defendant, VIET KITCHEN CUISINE LLC D/B/A VIET KITCHEN A/K/A VIET KITCHEN VIETNAMESE CUISINE, owned and operated a commercial restaurant business at 4300 Cleveland Avenue, #120, Fort Myers, Florida 33901 (hereinafter the "commercial restaurant") and conducted a substantial amount of business in that place of public accommodation in Fort Myers, Florida.

9. At all times material, Defendant, VIET KITCHEN CUISINE LLC D/B/A VIET KITCHEN A/K/A VIET KITCHEN VIETNAMESE CUISINE, was and is Florida Limited Liability Company which is registered to conduct business in the State of Florida and has the principal place of business listed in this Complaint in Lee County, Florida. Defendant, VIET KITCHEN CUISINE LLC D/B/A VIET KITCHEN A/K/A VIET KITCHEN VIETNAMESE CUISINE, holds itself to the public as " VIET KITCHEN VIETNAMESE CUISINE".

10. Venue is properly located in the Middle District of Florida because Defendants' commercial plaza property, commercial market, and commercial restaurant businesses that are the subject of this Action, are all located in Lee County, Florida, and Defendants regularly conduct business within Lee County, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Lee County, Florida at the commercial plaza property and businesses.

FACTUAL ALLEGATIONS

11. Although over thirty-three (33) years have passed since the effective date of Title III of the ADA, and Defendants have yet to make their places of public accommodation accessible to individuals with disabilities.

12. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendant continues to discriminate against people who are disabled in ways that block them from access and use of Defendant's commercial Property and the businesses therein.

13. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance

14. Plaintiff, NIGEL FRANK DE LA TORRE PARDO, is an individual with disabilities as defined by and pursuant to the ADA. NIGEL FRANK DE LA TORRE PARDO uses a wheelchair to ambulate. NIGEL FRANK DE LA TORRE PARDO has very limited use of his hands and cannot operate any mechanisms which require tight grasping or twisting of the wrist. He also has a great deal of trouble walking or otherwise ambulating without the use of a wheelchair. He is limited in his major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching.

15. Defendants, own and operate the places of public accommodation all of which are located together in the same commercial plaza property that are the subject of this Action.

16. The subject commercial property and the commercial businesses located therein are open to the public, and Defendant, DESTINY BUILDINGS LLC's, commercial plaza itself contains different businesses that each, including the commercial market and commercial restaurant, respectively owned and operated by Co-Defendants, LEAF ASIAN MARKET, INC. D/B/A LEAF ASIAN MARKET and VIET KITCHEN CUISINE LLC D/B/A VIET KITCHEN A/K/A VIET KITCHEN VIETNAMESE CUISINE, that pay Defendant, DESTINY BUILDINGS LLC, rent and are all located in Lee County, Florida.

17. Plaintiff visited the subject commercial property and businesses located therein as a patron/customer to include a visit on August 20, 2026, and intends to return to the commercial property in order to avail himself of the goods and services offered to the public at the commercial property. Plaintiff has a home that he stays in at least every other month in Lehigh Acres near the commercial property, which is approximately sixteen (16) miles from the commercial property and businesses therein, in the same state and the same county as the commercial property, regularly frequents the Defendants' commercial property, commercial market, and commercial restaurant

businesses for each's intended purposes, and intends to return to the commercial property and businesses therein, to include the Co-Defendant Tenant businesses, within two (2) months' time.

18. The Plaintiff found the Defendants' commercial property, Commercial market, and commercial restaurant businesses to be rife with ADA violations. The Plaintiff encountered architectural barriers at the subject property and Defendants' businesses and wishes to continue his patronage and use of the commercial property and the restaurant businesses therein.

19. The Plaintiff, NIGEL FRANK DE LA TORRE PARDO, has encountered architectural barriers that are in violation of the ADA, at the commercial property, commercial market and commercial restaurant businesses. The barriers to access at Defendants' commercial plaza property, commercial market, and commercial restaurant businesses have each denied or diminished Plaintiff's ability to visit the commercial property and listed commercial market and commercial restaurant businesses therein and likewise endangered his safety. The barriers to access, which are set forth below, have accordingly posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, NIGEL FRANK DE LA TORRE PARDO, and others similarly situated.

20. Defendants each own and/or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendants are responsible for complying with the obligations of the ADA. The place of public accommodation that Defendants each owns and/or operates, and the businesses in the commercial property referenced above or the plaza itself as a commercial enterprise.

21. Plaintiff, NIGEL FRANK DE LA TORRE PARDO, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described commercial property, commercial market, and commercial restaurant businesses, including, but not necessarily limited to the allegations in Paragraphs 24-28

of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the commercial property and businesses therein which are open to the public and in violation of the ADA. Plaintiff desires to visit the commercial property and businesses therein not only to avail himself of the goods and services available at the commercial plaza property, but to also assure himself that this commercial plaza property and businesses therein is in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the commercial property without fear of discrimination.

22. Defendants have each individually and together discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the properties and the businesses thereon, in a manner prohibited by 42 U.S.C. § 12182 et seq.

**COUNT I – COMMON AREA ADA VIOLATIONS**
**AS TO DEFENDANT/LANDLORD, DESTINY BUILDINGS LLC**

23. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 22 above as though fully set forth herein.

24. Defendant, DESTINY BUILDINGS LLC, has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the commercial property, include but are not limited to, the following:

A. Entrance Access and Path of Travel

i. The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes from the public sidewalk and transportation stop. These are violations of the requirements in Sections 4.3.2(1), 4.3.8, 4.5.1, and

4.5.2 of the ADAAG and Sections 206.2.1, 302.1, 303, and 402.2 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The Plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: There are changes in levels of greater than ½ inch, violating Sections 4.3.8 and 4.5.2 of the ADAAG and Section 303 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The Plaintiff had difficulty using some of the curb ramps, as the slopes are excessive. Violation: There are curb ramps at the facility that contain excessive slopes, violating Section 4.7.2 of the ADAAG and Sections 405.2 and 406.1 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes between sections of the facility. These are violations of the requirements in Sections 4.3.2(2), 4.3, and 4.5 of the ADAAG and Sections 206.2.2, 303, 402 and 403, whose resolution is readily achievable.

v. The Plaintiff had difficulty traversing the path of travel, as there are cross slopes in excess of 2%. Violation: The path of travel contains excessive cross slopes in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards, whose resolution is readily achievable.

vi. The Plaintiff had difficulty entering tenant spaces without assistance, as the entrance thresholds are too high. Violation: There are threshold rises more than ½ inch at the tenant entrances, violating Section 4.13.8 of the ADAAG and Section 404.2.5 of the 2010 ADA Standards, whose resolution is readily achievable.

**COUNT II - ADA VIOLATIONS**
**AS TO DEFENDANT/LANDLORD, DESTINY BUILDINGS LLC AND DEFENDANT/TENANT, VIET KITCHEN CUISINE LLC D/B/A VIET KITCHEN A/K/A VIET KITCHEN VIETNAMESE CUISINE**

25. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 22 above as though fully set forth herein.

26. Defendants, DESTINY BUILDINGS LLC and VIET KITCHEN CUISINE LLC D/B/A VIET KITCHEN A/K/A VIET KITCHEN VIETNAMESE CUISINE, have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendants have 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the commercial property and the businesses within, include but are not limited to, the following:

A. Public Restrooms

i. The Plaintiff had difficulty using the locking mechanism on the restroom door without assistance, as it requires tight grasping. Violation: The restroom door has non-compliant hardware for disabled patrons, violating Sections 4.13.9 & 4.27.4 of the ADAAG and Sections 309.4 & 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The Plaintiff could not use the lavatory without assistance, as the required knee & toe clearances are not provided. Violation: There are lavatories in public restrooms without the required clearances provided, violating the requirements in Section 4.19.2 and Figure 31 of the ADAAG and Sections 306 and 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The Plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided in the restrooms are in violation of the requirements in Section 4.19.6 of the

ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. The Plaintiff could not transfer to the toilet without assistance, as a trashcan obstructs the clear floor space. Violation: The required clear floor space is not provided next to the toilet, violating Section 4.16.2 & Figure 28 of the ADAAG, 28 CFR 36.211, and 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

v. The Plaintiff had difficulty using the toilet without assistance, as it is not mounted at the required distance from the side wall. Violation: The water closet is mounted at a non-compliant distance from the side wall, violating Section 4.16.2 and Figure 28 of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable

vi. The Plaintiff could not use the coat hook without assistance, as it is mounted too high. Violation: There are coat hooks provided for public use in the restroom, outside the reach ranges prescribed in Sections 4.2.5, 4.2.6, and 4.25.3 of the ADAAG and Sections 308 and 604.8.3 of the 2010 ADA Standards, whose resolution is readily achievable.

**COUNT III – ADA VIOLATIONS**
**AS TO DEFENDANT/LANDLORD, DESTINY BUILDINGS LLC, INC AND DEFENDANT/TENANT, LEAF ASIAN MARKET, INC. D/B/A LEAF ASIAN MARKET**

27. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 22 above as though fully set forth herein.

28. Defendants, DESTINY BUILDINGS LLC and LEAF ASIAN MARKET, INC. D/B/A LEAF ASIAN MARKET, have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the commercial Property and the businesses within, include but are not limited to, the following:

A. Public Restrooms

i. The Plaintiff was exposed to a cutting/burning hazard because the lavatories outside the accessible toilet compartment have pipes that are not properly insulated. Violation: The lavatory pipes are not fully insulated outside the accessible toilet compartment violating Section 4.19.4 of the ADAAG and Sections 213.3.4 & 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The Plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided in the restrooms are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable

iii. The Plaintiff could not use the accessible toilet compartment door without assistance, as it is not self-closing and does not have compliant door hardware. Violation: The accessible toilet compartment door does not provide hardware and features that comply with Sections 4.17.5 and 4.13.9 of the ADAAG and Sections 309.4 and 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. The Plaintiff could not transfer to the toilet without assistance, as a trashcan obstructs the clear floor space. Violation: The required clear floor space is not provided next to the toilet, violating Section 4.16.2 and Figure 28 of the ADAAG, 28 CFR 36.211, and Section 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

v. The Plaintiff could not flush the toilet without assistance, as the flush valve is not mounted on the wide area. Violation: The flush valve is not mounted on the compliant side in violation of Section 4.16.5 of the ADAAG and Section 604.6 of the 2010 ADA Standards, whose resolution is readily achievable

vi. The Plaintiff had difficulty using the toilet without assistance, as it is not mounted at the required distance from the side wall. Violation: The water closet in the accessible toilet

compartment is mounted at a non-compliant distance from the wall in violation of Section 4.17.3 and Figure 30(a) of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

**RELIEF SOUGHT AND BASIS**

29. The discriminatory violations described in Paragraphs 23-28 are not an exclusive list of the Defendants' ADA violations. Plaintiff requests an inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, NIGEL FRANK DE LA TORRE PARDO, from further ingress, use, and equal enjoyment of the commercial plaza property, commercial market, and restaurant businesses therein; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice.

30. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants, Defendants' commercial plaza property, commercial market and restaurant businesses therein; and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

31. The Defendants each owns and operates a place of public accommodation as

defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. The Defendants are each and all responsible for complying with the obligations of the ADA.

32. Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

33. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

34. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation, the Plaintiff and those similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff require an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

35. Notice to Defendants is not required as a result of the Defendants' failure to cure

the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants.

36. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the commercial plaza property, commercial market and restaurant are owned and operated by the Defendants, located in Miami-Dade County, Florida, the interiors, exterior areas, and the common exterior areas of the property and the interior areas of the businesses therein to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendant cures its violations of the ADA.

WHEREFORE, the Plaintiff, NIGEL FRANK DE LA TORRE PARDO, respectfully requests that this Honorable Court issue (i) Injunctive relief against Defendant including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (ii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iii) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: October 9, 2026

**ANTHONY J. PEREZ LAW GROUP, PLLC**
*Attorneys for Plaintiff*

7950 W. Flagler Street, Suite 104
Miami, Florida 33144
Telephone: (786) 361-9909
Facsimile: (786) 687-0445
Primary E-Mail: ajp@ajperezlawgroup.com
Secondary E-Mails: jr@ajperezlawgroup.com

By: ___*/s/ Anthony J. Perez*________
ANTHONY J. PEREZ
Florida Bar No.: 535451